IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD QUICK,

    Plaintiff,

v.                                              CASE NO. 4:15-cv-477-RH-GRJ

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case on October 2, 2015 by filing a *pro se* Complaint against the Social Security Administration while incarcerated at Leon County Jail. (ECF No. 1.) The Court instructed Plaintiff to amend his Complaint because he filed the Complaint on a civil rights complaint form for use by prisoners and because he failed to either allege the date of the unfavorable decision from the Social Security Administration or attach the unfavorable decision of the Commissioner. This information is essential to determine whether the complaint was timely under 42 U.S.C. § 405(g). The Court explained to Plaintiff that he needed to file an amended complaint, naming the Commissioner of Social Security as a Defendant,

and attach the Appeals Council letter denying his request for review. (ECF No. 4.)

Plaintiff failed to comply with this directive of the Court and did not file his amended complaint by the deadline of November 16, 2015. Consequently, because Plaintiff did not file an amended complaint the Court directed Plaintiff to show cause as to why he failed to submit an amended complaint or request an extension of time to do so. (ECF No. 5.)

Plaintiff filed a response advising that he had been involuntarily hospitalized around 2002 and that he suffers from various ailments, including psychosis and insanity. (ECF No. 6.) While this response does not serve as an amended complaint and does not include any information concerning the decision of the Social Security Administration Plaintiff is challenging, the Court recognized that Plaintiff is proceeding *pro se* and therefore granted Plaintiff a thirty day extension of time to file his complaint. Plaintiff was required to file the amended on or before January 11, 2016.

This case is now before the Court on a referral from the Clerk. Plaintiff has failed to file his amended complaint, has failed to provide a copy of the decision of the Commissioner or the decision from the Appeals

Council, so the Court is unable to determine the decision Plaintiff is appealing in this case and whether the appeal in this case is timely filed.

As the Court explained in its October 16, 2015 order, ECF No. 4, under 42 U.S.C. § 405(g), following an unfavorable final decision of the Commissioner, a disappointed Social Security disability benefits claimant "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  The Court advised Plaintiff that an individual may seek review in federal court of the final decision of the Commissioner within 60 days after notice of the Commissioner's final decision, and that Plaintiff should attach the Appeals Council letter denying his request for review and the Administrative Law Judge's written opinion denying his claim to his Amended Complaint.

The United States Supreme Court has instructed that the sixty (60) day limitation period provided by 42 U.S.C. § 405(g) "is not jurisdictional, but rather constitutes a period of limitations."[1] The temporal limitation embodied in the statute "is a mechanism by which Congress was able to

---

[1] *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n.9 (1976); Weinberger v. Salfi, 422 U.S. 749, 764 (1975)); *see also Stone v. Heckler*, 778 F.2d 645, 649, n.7 (11th Cir. 1985).

move cases to speedy resolution in a bureaucracy that processes millions of claims annually," and must be strictly construed as it is a condition on which the United States agreed to waive its sovereign immunity.

The Court explained the methods in which Plaintiff may demonstrate that the Complaint was timely filed.  Despite the Court having provided Plaintiff with an opportunity to show that Plaintiff timely filed the Complaint, Plaintiff has twice failed to respond to the Court's Order and therefore has not demonstrated that his Complaint is timely.  Plaintiff was warned that if he could not demonstrate that his Complaint was filed within sixty days of receipt of Notice by the Appeals Council or, alternatively, that he is entitled to equitable tolling, the Court would be required to dismiss the case and Plaintiff would not be entitled to seek review in this Court of the decision of the Commissioner.  Plaintiff has failed to do so; therefore, the Complaint is due to be dismissed as untimely.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to prosecute and for failure to obey an order of the Court. The Clerk should be directed to enter final judgment

accordingly, terminate any pending motions, and close the file.

**IN CHAMBERS**, at Gainesville, Florida, this 20th day of January 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.